Westbrook, J.
In this cause, which was tried before the court without a jury, at the Rensselaer cir *440 cuit, in January, 1884, the plaintiff claimed to recover for certain moneys received by the defendant under the following circumstances :
On the 13th day of January, 1873, by deed bearing date on that day, one George T. Dennison and wife, conveyed to the defendant a farm, situate in the town of Berlin, Rensselaer county, and State of New York.
At the time of such conveyance a strip of land about four rods in width, and running across the premises conveyed, was in possession of the Lebanon -Springs Railroad Company, but to it the company had acquired no title, and the fee thereof passed to the defendant Taylor by the deed from Dennison just mentioned.
The deed to Taylor contained this clause : “ There is reserved all the damages sustained in consequence of railroad crossing lands herewith conveyed.”
In 1881, in a proceeding instituted by him for that purpose against the Receiver of the Lebanon Springs-Railroad, there was awarded to the plaintiff the sum of one thousand dollars for the land occupied by it, and the depreciation in value of the farm by the railroad crossing through it, upon his executing and delivering to the Receiver a conveyance in fee of the premises occupied by the railroad. The defendant executed such conveyance and received the $1,000 from the receiver.
The plaintiff, who is the assignee of George T. Dennison, the defendant’s grantor,.demanded from the defendant the sum of $1,000 paid by the receiver of the Lebanon Springs Railroad, and ón the refusal of the defendant to pay, brought this action to recover the same.
The claim of the plaintiff is .founded upon the clause in the deed to the defendant hereinbefore given, which “reserved all the damages sustained in consequence.of railroad crossing lands conveyed,” and upon *441 the construction to be given to such clause, and the validity thereof, the action depends.
The argument of the plaintiff is in brief this : Attire time of the conveyance to the defendant the damages were complete. The railroad was then in possession of the strip of land through the farm, and the damage done to such farm by depriving the owner of a part of his property, and the depreciation in value of the remainder by reason of the occupation of the strip for railroad purposes had then been sustained, and because then existing, they were reserved by the deed to the defendant’s grantor.
If the premise—that all the damages existed at the time of the conveyance—was true ; and if the grantor of the fee of real estate could legally reserve to himself the purchase price thereof when subsequently sold by his grantee, it would be difficult to resist the conclusion.
The premise, however, is not true, and he who conveys the absolute fee of real estate to another cannot retain the right to its purchase price when subsequently sold. The premise ignores the distinction between an occupancy of one’s property which must be temporary, unless the title of the owner is acquired, and one which is known to be permanent, because the right to maintain it exists ; and he who parts absolutely with the title to land to another can not reserve to himself the right to its purchase money when subsequently sold, because such a reservation would be inconsistent with the grant (Be Peyster v. Michael, 6 N. Y. 467, 492, 493, 494, &c.).
At the time of the conveyance to the defendant, the damage to the farm by the extinguishment of the owner’s title in a part thereof had not been sustained, and the right to permanently occupy such part as owner, for the purpose of a railroad, to the depreciation in value of the remainder, had not been acquired. The *442 railroad was then in possession of a part of the land, either as a squatter, or by permission of the owner for a limited time. Such occupation, while it lasted, of course damaged the owner, by depriving him of the enjoyment-of a part of his property and subjecting him to the annoyance and inconvenience of a railroad track across his farm ; but damage to a farm caused by an occupancy of a part capable of being soon ended and terminated is quite an other and different thing from an occupancy founded upon actual title to the land occupied, which permanently deprives an individual of a part of his farm, and permanently subjects Mm to the annoyance and inconvenience of a railroad operated through its center. In other words, a right of occupancy for a short period of time, or an occupancy which is a trespass, ahd therefore, capable of a speedy determination, depreciates the value of the entire farm much less than one which is permanent, because founded on hn acquired right. The damages which had been “sustained” by an occupancy founded upon either a temporary right derived from the owner or upon no right, but in either case soon determinable, were those which existed at the time of the conveyance to the defendant; but- a right, as owner, to occupy, had not then been acquired by the railroad, and the damage to the owner by the ex-tinguishment of his title to a part of his farm which injures, both by permanently depriving him of the enjoyment and use of the property taken, and the inconvenience to the farm as a whole, in future years, had not yet been “sustained.” Under such circumstances the conveyance is made to the defendant of the fee of the whole farm, including that occupied by the railroad.
Can it be reasonably, or even plausibly argued, that the grantor intended otherwise than he did % That when he conveyed to the defendant a strip of land in *443 the possession, of a railroad company, warranting that the deed of conveyance gave the defendant a good title in fee thereto, he intended to reserve to himself the purchase price of such land if the railroad company subsequently acquired it? To these questions the answer, it seems to me, is plain. The clause in the deed reserved to the grantor the damages which had been “sustained” when the deed was made, and not those which would he “ sustained” by the extinguishment of the owner’s title, which could only have their being when such right was acquired. Hay, the fact that Dennison conveyed the fee of the land occupied by the railroad to the defendant forbids the construction of the reservation claimed by the plaintiff. The absolute ownership of property involves the right to its purchase price when sold, and the reservation of the purchase price or any part thereof to the grantor upon a subsequent sale by the grantee would be, as has been before stated, void (De Peyster v. Michael, 6 N. Y. 467, 492, 493, 494, &c. before cited).
The clause in the deed upon which the present action is based, must, therefore, receive some other interpretation than one which withholds from the purchaser of the fee of land one of its- most legitimate fruits—■ the right to dispose of it to some other person and to receive its purchase price.
What is evident from the language of the deed is made still more apparent by the conduct of the parties when the deed to the defendant was given. His grantor at first proposed to retain the title to the land occupied by the railroad, but the defendant refused to accept the conveyance, if that exception was made. The conveyance was finally drawn in the form it now is, and was accepted. If the value of the title, or rather, if the right to receive compensation for the land, when the same should be conveyed or sold, was intended to be reserved, there was only one way of *444 accomplishing it, and that was to except the land from the conveyance, and retain its ownership. When a conveyance in that form was refused, and one required and given which passed the fee of the whole property, whatever else was intended by the reservation, it is reasonably clear that, it could not have been its intention to reserve to the grantor and seller its purchase price at a future sale ; or if that was intended, the intention was defeated by the conveyance of the fee, with which such intention was utterly inconsistent. It could, therefore, have only one legal meaning, and that is plainly embodied in the reservation itself ; “ the damages sustained,”—i. e., those already suffered and not those to be “sustained” or suffered by the acquisition of actual title,—were those reserved, and no other. •
For the reasons which have been given, the defendant is entitled to .judgment with costs. It is not seen that the defendant has recovered from the railroad or its receiver any damages which belonged to the plaintiff. The execution of the conveyance by the defendant to the railroad of the land occupied by it shows the ground of his recovery. He received $1,000 for the value of the land of which he was the absolute owner in fee, and for the depreciation in value of the rest of his farm caused by the right, then first acquired by the railroad, to permanently occupy the same. These are the only items of damages for which the defendant recovered, and neither of those were reserved, or could be reserved in favor of a grantor who conveys the absolute fee of real estate to another. If, in the making tip of the judgment, which the defendant recovered, any item of damage reserved by the deed to him in his grantor was recovered for, though none is seen, that must present a question between the plaintiff and the railroad. The defendant could, only recover for that which belonged to himself. *445 His deed was on record. With its contents the railroad and its receiver are presumed to have been familiar. If the defendant has recovered for anything to which he had no title, the plaintiff is not damaged, for his own action is still perfect, and it was folly for the railroad to submit to a wrong recovery. Indeed, the argument just presented is applicable to the entire claim of the plaintiff. The defendant sued and recovered for damages and injuries sustained by himself. He did not sue or profess to sue for the benefit of the plaintiff or any other person, but for his own. His rights and those of the plaintiff were open and of record. The recovery was for that which was adjudged to be his. The recovery may be wrong, but that is a question between him and the party from whom it was recovered. The money he received was for his own use and not for the use of the plaintiff. If the defendant had no right to the money because the damage for which it was awarded belonged not to him, but to the plaintiff, the latter has a remedy by seeking his rights from those who did him the injury. The damages “sustained” when the deed was given to the defendant, and all that such deed could legally reserve to him, are still his due from the party causing them. The record is his protection. An unauthorized payment to another of what is due to him is no defense to his claim. His cause of action, if any exists, is still perfect and without any flaw caused by the recovery of the defendant (Patrick v. Metcalf, 37 N. Y. 332; Butterworth v. Gould, 41 Id. 451). To the money received by the defendant the plaintiff has no title. The former collected it as his own, and if the ground upon which the plaintiff rests his present action—that the damages for which the defendant obtained his recovery belonged to himself and not to the defendant, as shown by the recorded deed under which the defendant claimed—is sound, the defendant *446 has done him no injury for he may still enforce the rights which he reserved for his own benefit, and which no payment to another could bar.
In conclusion, the case may thus be summarily presented. The defendant, who was the owner in fee of a farm of land through which a railroad passed, and also of that part thereof which such railroad occupied and upon which it was constructed, which ownership was derived by and through a warranty deed to him from the assignor of the plaintiff, recovered from such railyoad or its receiver the sum of $100, as a compensation for the fee of the land which the road occupied, and for the depreciation in value of the entire farm by reason of such title being acquired to the strip occupied by the railroad. .The defendant’s right to such damages was perfect through the deed from the plaintiff’s assignor, which the reservation therein contained in favor of the grantor did not and could not reserve to such grantor, because such reservation would be inconsistent with and repugnant to the deed, and the estate in fee which it conveyed to the defendant; and as the defendant recovered such damages for himself, and not for the plaintiff, the latter cannot maintain this action, which rests upon the theory that the moneys paid to the defendant therefor were received to and for the use of the plaintiff.